**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 22-cv-168 |
| v. | Honorable LaShonda A. Hunt |
| DAVID S. SARGENT, and CHRISTOPHER M. KLUNDT, | |
| Defendants. | |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISION'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT AS TO DAVID S. SARGENT**

Plaintiff, the United States Securities and Exchange Commission ("SEC"), hereby moves the Court to enter the Final Judgment submitted herewith. The SEC and Defendant David S. Sargent ("Sargent") have reached a settlement of this matter, and Sargent has consented to the entry of the judgment. In support of this motion, the SEC states as follows:

1. On January 11, 2022, the SEC filed its Complaint against Sargent alleging violations of the federal securities laws.

2. The SEC and Sargent have now reached a settlement in this case. Attached hereto as **Exhibit 1** is the executed Consent of Sargent, which sets forth the terms of his settlement with the SEC.

3. Attached as **Exhibit 2** is the proposed Final Judgment to which Sargent has agreed. The Consent of Sargent includes consent to entry of the Final Judgment.

1

4. The proposed Final Judgment includes: (a) permanent injunctive relief precluding Sargent from violating the securities laws provisions charged in the Complaint and (b) a civil penalty of $215,174.90.

## Approval of Settlement Terms

5. Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (omitting internal citation). Factors to be considered include: (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294-95 (internal citations omitted).

6. Given the allegations in the Complaint, which Sargent neither admits or denies, the relief set forth in paragraph 4 is a fair and reasonable resolution of this matter. The injunctive relief will serve the public interest. A civil penalty is a remedy legally permitted in SEC enforcement actions. 15 U.S.C § 78u(d)(3). The terms of the proposed Final Judgment are clear and the product of arms-length negotiations. Entry of the proposed Final Judgment will further the interests of justice and conserve judicial resources.

7. In the Consent, Sargent agrees that the SEC "may present the [proposed] Final Judgment to the Court for signature and entry without further notice." (Ex. 1, ¶ 13).

WHEREFORE, the SEC respectfully requests that the Court grant this Motion and enter the proposed Final Judgment attached hereto as **Exhibit 2**. The SEC has also submitted the proposed Final Judgment via email: Proposed_Order_Hunt@ilnd.uscourts.gov.

Dated: December 20, 2024            Respectfully Submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

   /s/ Kevin A. Wisniewski
Kevin A. Wisniewski
U.S. Securities & Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 252-7390
(312) 353-7390 (facsimile)
WisniewskiK@sec.gov

*Attorney for Plaintiff SEC*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on counsel of record by filing it with the Court's ECF system.

Dated: December 20, 2024            /s/ Kevin A. Wisniewski

                                    Kevin A. Wisniewski