UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER M. KLUNDT, <br><br> Defendant. | Case No. 22-cv-168 <br> Honorable LaShonda A. Hunt <br> Honorable Young B. Kim |

**AGREED MOTION FOR ENTRY OF JUDGMENT
AGAINST DEFENDANT CHRISTOPHER M. KLUNDT**

Plaintiff Securities and Exchange Commission ("SEC") and Defendant Christopher M. Klundt ("Klundt" or "Defendant") hereby move the Court to approve the parties' bifurcated settlement by entering the Proposed Judgment in the form attached as **Exhibit 1** to the Motion. If entered by the Court, the Proposed Judgment would resolve all claims of liability the SEC has asserted against Klundt, resolve the SEC's monetary claims against Klundt, and establish a framework for the Court to resolve the SEC's request for injunctive relief without protracted discovery or a trial.

**I.     The SEC's Case Against Klundt**

On January 11, 2022, the SEC filed a Complaint against Defendants Klundt and David Sargent ("Sargent"), alleging that they engaged in insider trading. The Complaint alleges that in May 2020, Sargent traded options and stocks on the basis of material, nonpublic information that was tipped to him by his friend and former colleague Klundt.

The SEC further alleges that Sargent netted more than $107,000 in profits from trading on the inside information he received from Klundt.

As a result of the conduct alleged in the Complaint, the SEC alleges that Klundt and Sargent violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. The Complaint seeks two types of relief against Klundt: (1) a civil monetary penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u(d)(2)] and (2) injunctive relief (*e.g.*, permanent injunction).

On December 27, 2024, the Court granted the SEC's Unopposed Motion for Entry of a Consent Judgment against Defendant Sargent. (ECF No. 71.) The Consent Judgment permanently enjoined Sargent from violating certain provisions of the Exchange Act and ordered him to pay a civil monetary penalty in the amount of $215,174.90.

## II. Klundt's Settlement Agreement

The SEC and Klundt have agreed to a bifurcated settlement agreement that resolves all the SEC's claims of liability against Klundt, resolves all monetary relief, and establishes a framework for the Court to resolve the SEC's claim for injunctive relief against Klundt. Attached as Exhibit 1 to this Motion is a copy of the Proposed Judgment. Klundt has consented to entry of the Proposed Judgment against him. Attached as **Exhibit 2** to this Motion is a copy of the Consent signed by Klundt. Under the Consent, Klundt agrees to pay a civil penalty of $55,000.

The Proposed Judgment eliminates the need to litigate the merits of Klundt's liability in this matter and eliminates the need for the Court to rule on the SEC's monetary claims. The Proposed Judgment further provides that the injunctive relief sought by the SEC shall

be determined by the Court at a later date on motions by the parties. The parties anticipate submitting briefs on the issue of injunctive relief following an abbreviated discovery period limited to the issue of injunctive relief. For the purposes of that determination, the parties agree that the Court would accept the allegations in the SEC's Complaint as true and that the parties would exchange discovery limited to the issue of injunctive relief. To date, the parties have exchanged and answered written discovery. The parties agree that they will adhere to the date already set by the Court to complete fact discovery—October 31, 2025.

Courts have generally approved this type of partial settlement, which is a regular form of resolution in SEC enforcement actions and is often referred to as a "bifurcated" settlement. *See SEC v. Williky*, 942 F.3d 389, 393 (7th Cir. 2019) (recognizing bifurcated settlement order entered by district court in an insider trading case and upholding district court's decision to impose a civil penalty); *SEC v. Daubenspeck*, 469 F. Supp. 3d 859, 860, 863 (N.D. Ill. 2020) (recognizing prior order granting entry of a bifurcated consent judgment in an insider trading case and ruling on amount of civil penalty); *SEC v. Slowinski*, 2020 WL 7027639, at *1 (N.D. Ill. Nov. 29, 2020) (recognizing prior order granting bifurcated settlement under which court decided, via written motion, the SEC's request for monetary relief); *SEC v. Zenergy Int'l, Inc.*, 2016 WL 5080423, at *1 (N.D. Ill. Sept. 20, 2016).

The proposed bifurcated settlement is the result of good faith negotiations between the SEC and Klundt and is a fair resolution of the SEC's claims against Klundt. The Proposed Judgment has been reviewed and approved by Klundt. Under the framework of the Proposed Judgment, the SEC has the ability to argue that it is entitled to injunctive relief, and Klundt has the ability to argue that the SEC is not entitled to injunctive relief. The SEC wants to obtain appropriate relief against Klundt, without unwarranted delay and

use of resources. The framework set forth in the Proposed Judgment, whereby the Court decides injunctive relief after the resolution of liability, is consistent with the general framework in SEC enforcement actions wherein the Court decides remedies following the resolution of liability in the case.

In the Consent, Klundt agrees that the SEC "may present the [Proposed] Judgment to the Court for signature and entry without further notice." (Ex. 2, ¶ 14). Under Federal Rule of Civil Procedure 54(b), there is no just reason to delay entry of the Proposed Judgment. Entry of the Proposed Judgment will resolve the issue of liability on all claims against Klundt in this action, will resolve the SEC's claims for monetary relief, and will reserve the issue of injunctive relief until a later date. There is little risk of piecemeal appeals as Klundt has waived his right to appeal from this Proposed Judgment, as reflected in **Exhibit 2**. (Ex. 2, ¶ 6.)

WHEREFORE, for the reasons cited above, the Parties respectfully request that the Court grant their Agreed Motion and enter the Proposed Judgment set forth in Exhibit 1.

| | |
|---|---|
| August 7, 2025 | Respectfully submitted |
| **Christopher M. Klundt** | **United States Securities and Exchange Commission** |
| By: **/s/ Terry Campbell** | |
| Terry Campbell (tcampbell@cotsiriloslaw.com) | By: **/s/ Kevin A. Wisniewski** |
| Cotsirilos, Poulos & Campbell | Kevin A. Wisniewski (wisniewskik@sec.gov) |
| 55 E. Monroe, Suite 3250 | Austin Stephenson (stephensonau@sec.gov) |
| Chicago, Illinois 60603 | SEC Chicago Regional Office |
| (312) 263-0345 | 175 West Jackson Boulevard, Suite 1450 |
| | Chicago, Illinois 60604 |
| *Attorney for Defendant Klundt* | (312) 353-7390 |
| | *Attorneys for Plaintiff United States Securities and Exchange Commission* |